**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER MONTAGUE, #275888,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | 2:18-cv-896-WHA |
| **OFFICER J. MITCHELL, et al,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## ANSWER AND SPECIAL REPORT

**COMES NOW,** Officers Mitchell and McClain, by and through the Honorable Steve Marshall, Attorney General for the State of Alabama, by and through Assistant Attorney General Bettie J. Carmack, and hereby file this, their answer and special report, in the above-styled case and state as follows:

### PARTIES

1. **CHRISTOPHER MONTAGUE** (Plaintiff) **–** former Alabama Department of Corrections (ADOC) Inmate, whose present address is 166 Harlow Drive New Market, Alabama 35761.

2. **JAMEL MITCHELL** (Defendant) – Correctional Officer currently employed by the ADOC whose work location is the Staton Correctional Facility located at 2690 Marion Spillway Road, Elmore, Alabama 36025. (**EXHIBIT A**).

3. **JUSTIN McCLAIN** (Defendant) – Correctional Officer currently employed by the ADOC whose work location is the Staton Correctional Facility located at 2690 Marion Spillway Road, Elmore, Alabama 36025. (**EXHIBIT B**).

### EXHIBITS

➢ Exhibit A – Affidavit of Jamel Mitchell

➢ Exhibit B - Affidavit of Justin McClain

➢ Exhibit C – Montague Photographs taken by the prison

- Exhibit D – Custodian of Records Affidavit of Sandra Taylor
- Exhibit E – Montague's August 24, 2018 bodychart
- Exhibit F – August 23, 2018 incident report
- Exhibit G – Montague's Recent Medical Records

## PLAINTIFF'S CLAIMS

Montague states that, on August 23, 2018, he was punched and kicked by Officers J. Michell and J. McClain. (**Doc. 1, at 3**). Montague claims that the assault happened because officers alleged he moved during an institutional count. *See id*. Montague states that the officers tackled him in "B-dorm" on camera and took turns punching him in the face, eyes and ears. *Id.* at 4. While in a fetal position, Officer McCain allegedly kicked Montague in the head, ribs, back and legs. *Id*. at 4-5. Officer Mitchell allegedly acted as a lookout during the kicking. *Id*. at 5. Montague then claims that Officer Mitchell came over and kicked him in the head, ribs, back and legs while Officer McCain acted as a lookout. *See id*.

The Defendants then allegedly told Montague to get back on his bunk and that they would kill him the next time. (**Doc. 1 at 5**). Montague claims he called I and I and reported the incident. *See id*. Captain Howard found out about the incident and took Montague for a body chart and had pictures taken. *Id*. Montague was then transferred to Elmore Correctional Facility. *Id*.

## UNDISPUTED FACTS

On August 23, 2018, Officers McClain and Mitchell were conducting institutional count when they saw Inmate Montague walking during the count. (**Exhibit A**). Inmate Montague refused a direct order to return to his bunk. See *id*. Officer McClain tried to escort Inmate Montague back to his rack, but Inmate Montague pulled away and was non-compliant.

2

*See id*. at 2. Inmate Montague and Officer McClain fell to the ground. *Id*. Inmate Montague was picked up off the ground and escorted to the cubicle for verbal reprimands. *Id*.

**DEFENDANTS' ANSWER**

1. The Defendants assert that the complaint fails to state a cause of action upon which relief can be granted.

2. The Defendants assert that the Plaintiff's claims are frivolous.

3. The Defendants assert that they have not violated any of the Plaintiff's constitutional rights.

4. The Defendants assert that they are immune from civil action under the shields of Qualified Immunity and Eleventh Amendment Immunity.

5. The Defendants assert that this civil action is barred by the Prison Litigation Reform Act.

6. The Defendants assert that the Plaintiff's claims lack merit.

7. The Defendants deny each and every material allegation of the complaint and demand strict proof thereof.

**ARGUMENTS IN SUPPORT OF DISMISSAL**

**I. Inmate Montague's excessive force claim is without merit**.

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. *See* Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'force was applied ... maliciously and sadistically for the very purpose of causing harm.'" *Id., quoting* Whitley v. Albers, 475 U.S. 312, 320–21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986); *see also* Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) *abrogated on other grounds by* Kingsley v. Hendrickson, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (2015) *quoting* Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987)("whether or not a prison guard's application of force is actionable

turns on whether that force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm").

The United States Supreme Court has stated that: "A use of force does not violate the Eighth Amendment if it is 'applied in a good faith effort to maintain or restore discipline' rather than performed 'maliciously or sadistically for the very purpose of causing harm.'" Malik v. Mack, 15 F. Supp. 2d 1047, 1050 (D. Kan. 1998) *quoting* Whitley, 475 U.S. at 321. The United States Supreme Court has further stated that: "While a minor injury to an inmate will not bar an action for excessive force, '*de minimis* uses of physical force' generally are not sufficient to state a claim for relief." Malik, 15 F. Supp. 2d at 1050 *quoting* Hudson v. McMillian, 503 U.S. 1, 9–11, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). In the case at bar, any force used on Inmate Montague was related to a failure to comply with Officer McClain's order to return to his "rack." (**Exhibits A and B**).

Inmate Montague's assertions that he was punched and kicked in the head, ribs, back, and legs by one officer while another officer acted as a "lookout" lacks credibility. Inmate Montague alleges that this incident took place in B-dorm. It is not believable that an inmate would be brutally beaten in a dorm of more than 100 inmates and none of the other inmates step in to stop the alleged beating or report the alleged beating to a supervisor. Furthermore, many of the injuries on Inmate Montague's body chart indicate that they were old and healing. (**Exhibit E**). Officer McClain has testified that Inmate Montague had bruises when he first saw Inmate Montague and they were about his face and body. (**Exhibit B**). The pictures of Inmate Montague, taken on August 23, 2018, indicate that his injuries were old and healing bruises. (**Exhibit C**). Inmate Montague is attempting to blame the defendants for injuries he apparently suffered at the hands of another inmate. Inmate Montague's excessive force claims lacks credibility and are due to be dismissed.

**II.  All claims against the named officers are barred by Eleventh Amendment Immunity.**

The Plaintiff's claims should be dismissed against the named Defendants because they are immune from liability. "In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Hester v. Lowndes Cty. Comm'n., 2006 WL 2547430, at *3 (M.D. Ala. Sept. 1, 2006) *citing* Carr v. City of Florence, Ala., 916 F.2d 1521, 1521, 1525 (11th Cir. 1990) *quoting* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). The named Defendants are employees of the State of Alabama and, therefore, any lawsuit against them is precluded by Eleventh Amendment Immunity. Inmate Montague's lawsuit against State employees is a suit against the State of Alabama. *See* Metcalf v. Agee, No. 714CV01196SLBJEO, 2015 WL 5714913, at *1 (N.D. Ala. Sept. 30, 2015) *citing* Parker v. Williams, 862 F.2d 1471, 1476 n. 4 (11th Cir. 1989) *overruled on other grounds by* Turquitt v. Jefferson Cty., Ala., 137 F.3d 1285 (11th Cir. 1998)("[S]uits against an official in his or her official capacity are suits against the entity the individual represents, thus a suit against a state employee in his official capacity 'is simply ...a claim against the State of Alabama.'"). In addition, there has been no consent or waiver of immunity in this case. Thus, the Defendants are absolutely immune from liability.

**III.  All claims against the named officers are barred by a qualified immunity defense.**

The doctrine of qualified immunity protects governmental officials who are sued under 42 U.S.C.A. § 1983 for money damages in their personal, or individual, capacities, but only so long as "their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Fish v. Brown, 838 F.3d 1153, 1162 (11th Cir. 2016) *citing* Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).

The Supreme Court has set forth a list of factors that should be considered when evaluating whether the force used was excessive and in violation of the Eighth Amendment.

> Those factors are: (1) the extent of the injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them; and (5) any efforts to temper the severity of a forceful response. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain ... the case should not go to the jury.

Gwathney v. Warren, 930 F. Supp. 2d 1313, 1319 (M.D. Ala. 2013) (internal citations omitted).

The force used against Inmate Montague (if any was used) on August 23, 2018, was used to maintain order and restore discipline at the prison facility; any injury Inmate Montague received as a result of the alleged use of force was minimal; and the force used on Inmate Montague was needed because Inmate Montague refused to follow direct orders that were given during an institutional count. (**Exhibits A and B**). Because Inmate Montague cannot show that the named officers used force against him maliciously and sadistically, the claims against these named prison officials are due to be dismissed based upon a qualified immunity defense. *See* Bell v. Wolfish, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)("Prison administrators therefore **should be accorded wide-ranging** deference in the adoption and **execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security**")(emphasis added).

**CONCLUSION**

Based on the foregoing, the named Defendants request that this Honorable Court dismiss the Plaintiff's complaint in its entirety *with prejudice* or, in the alternative, dismiss certain Defendants from the complaint based upon Inmate Montague's failure to state a claim against them in which relief can be granted by this Court.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL
By:

/s/*Bettie J. Carmack*
Bettie J. Carmack
*Assistant Attorney General*
*Civil Litigation Division*
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433
bcarmack@ago.state.al.us

**CERTIFICATE OF SERVICE**

I certify that I have this 28th day of December, 2018, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system. I further certify that I have served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

**Inmate Christopher Montague**
**#275888**
**166 Harlow Drive**
**New Market, Alabama 35761**

/s/*Bettie J. Carmack*
Bettie J. Carmack
*Assistant Attorney General*